# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>WILLIAM KENT ROSS,<br>Defendant. | CR 17-09-H-CCL<br><br>***ORDER*** |

Defense counsel moves to enlarge the time for filing a plea agreement. As grounds counsel recites the pending Motion to Dismiss the Indictment. The government has no objection to the enlargement of time. Defendant requests that the plea deadline be set for a date after the motion to dismiss has been decided.

The Court has reviewed Defendant's motion to dismiss and finds that it is without merit. The facts presented by Defendant indicate that Defendant was told by an attorney that Defendant could possess a firearm, but the Defendant concedes that the attorney was mistaken as to both the facts and the law relating to Defendant's right to possess firearms. In turn, when the attorney asked an ATF employee whether

1

Defendant could possess a firearm, the attorney did not provide the ATF employee with accurate facts relating to Defendant's Oregon state felony conviction.

Defendant acknowledges that the defense of government entrapment by estoppel requires the Defendant to prove the following elements:

> (1) an authorized government official, empowered to render the claimed erroneous advice; (2) who has been made aware of all the relevant historical facts; (3) affirmatively told him the proscribed conduct was permissible; (4) that he relied on the false information, and (5) that his reliance was reasonable.

(ECF No. 12, Def.'s Brief in Support of Motion to Dismiss, at 4; *quoting United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004). It is clear that Defendant does not have facts sufficient to support a defense of government entrapment by estoppel. No authorized government official told the Defendant that he could possess a firearm. A government official who spoke to Defendant's attorney was not given the "relevant historical facts." Defendant's motion to dismiss the Indictment is therefore without merit. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss the Indictment (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time

to file a plea agreement (ECF No. 16) is GRANTED. Defendant's plea deadline is extended from July 10, 2017, to July 17, 2017. Motions for enlargement of time in which to file a plea agreement or for trial continuance shall be filed on or before July 17, 2017. The Clerk shall call a jury on July 18, 2017. Proposed voir dire questions, proposed jury instructions, and trial briefs shall be filed on or before July 21, 2017.

IT IS FURTHER ORDERED that the July 24, 2017, jury trial is VACATED and RESET on July 31, 2017. The Court finds that the interests of justice outweigh the interests of the defendant and the public in a speedy trial. All delay occasioned by the filing of the motion to dismiss and the continuance of the trial setting will be excluded from the Defendant's speedy trial calculations pursuant to 18 U.S.C. 3161(h)(1)(D).

DATED this 11th day of July, 2017.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE